TEO, Village Chief of Pago Pago, Plaintiff

v.

LIUFAU, TUFAGA, et al., Defendants

## No. 6-1908

## High Court of American Samoa

Criminal Jurisdiction, Appellate Division

## Date unknown

C. B. T. MOORE, Commander, U.S.N., *President of the High Court*

### DECISION

Undeniably, a breach of the peace occurred at Pago Pago, as charged in the complaint. The orders of District Governor Mauga Moimoi, as a peace officer, were deliberately disobeyed. The course of conduct adopted by the eight young men, who come before this court as appellants, tended to arouse a feeling of violent antagonism and resentment on the part of the people of the Village of Pago Pago, and this Court is satisfied that their riotous and

intemperate behavior in their boats while returning from Pago Pago was primarily intended to accomplish this end.

This conclusion, however, is arrived at by this Court by disregarding in toto the various immaterial and impertinent allusions in the testimony of witnesses for the prosecution, attributing to District Governor Mauga certain powers and prerogatives of which he is not possessed.

The disorderly conduct of the young men, who appear as appellants in this court, was a clear violation of the laws of the United States Naval Station, and this misconduct is greatly enhanced and aggravated because it was committed in express disobedience of the orders of a peace officer.

It has been testified that Mauga Moimoi is the "Tupu" of the Bay of Pago Pago. A reference to Pratt's Grammar and Dictionary of the Samoan language discloses that a "Tupu" is a "king"—a "monarch"—a "sovereign". It implies a far higher authority than a "Faipule" or a "Matua" or a "Tulafale Ali'i"—and this Court is informed that before the establishment of foreign governments in these islands, the word "Tupu" or its synonym "Tui" represented the highest sovereign power, without limitation or condition.

It may be that this term was applied to District Governor Mauga by the enthusiastic witnesses for the prosecution merely as a meaningless compliment to one who once held or claimed such an honor before the establishment of the Government, but inasmuch as it has been reiterated in the record of this case, and no comment or correction has been made regarding it by the Court below, it devolves upon this Court to correct any false impression that may have arisen from the decision of the District Court. Whatever authority District Governor

629

Mauga may have asserted in the Island of Tutuila before the Cession of this island to the United States of America has been relinquished, and since that Cession, Mauga has derived his authority solely by virtue of his office as a District Governor. He is appointed by and holds office at the pleasure of the Governor of Tutuila. Of course, he may not overstep that authority by attempting to assert officially any of the prerogatives ascribed to him by the complaining witness, Teo, i.e., prohibiting the wearing of headgear in his presence, etc. Teo, the Village Chief of Pago Pago, by such reckless and intemperate testimony, displays a woeful ignorance of the system of government of this Colony, and the Court elucidates its reasons for sustaining this decision for his benefit and information, as well as for the guidance of the people of this Colony.

Let it be understood that any orders of the District Governor, which are within the scope of his authority as a peace officer, shall be obeyed in the Bay of Pago Pago or in any other place in the Eastern District.

The decision of the District Court cannot be passed over without comment. The testimony of various witnesses [that] Mauga is the Monarch of this Bay; that he may arbitrarily prohibit certain lawful acts, and otherwise assume quasi-sovereign privileges, has been entered of record, and the court below failed to exclude such testimony, and no mention has been made of the impertinence and immateriality of this testimony in the written decision of the Court below. This Court is constrained to express an opinion that in the absence of this necessary comment on the part of the Court below to this testimony, a doubt arises as to whether the Court below was not influenced in deciding the case upon this evidence. The testimony should have been excluded summarily by the order of the District Court, and a minute to that effect entered upon the record. Perhaps, it would have been the part of wisdom also, to refer to this

improper testimony in the decision of the District Court to point out clearly to the parties in the case that any testimony that Mauga was the "Tupu" of this Bay had no bearing whatsoever upon the decision of the District Court.

The judgment of the District Court is sustained without costs.